IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 5, 2007 Session

**STATE OF TENNESSEE v. FRED E. SMITH**

**Direct Appeal from the Circuit Court for Lake County**
**No. 06-CR-8842    R. Lee Moore, Jr., Judge**

**No. W2006-02504-CCA-R3-HC  - Filed August 13, 2007**

The petitioner, Fred E. Smith, appeals from the circuit court's summary dismissal of his pro se petition for writ of habeas corpus. Following our review of the record and applicable law, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

H. Tod Taylor, Assistant Public Defender, Dyersburg, Tennessee, for the appellant, Fred E. Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to the petitioner's judgment of conviction, the petitioner pled guilty to second degree murder on March 2, 1989. He was sentenced "for a period of not less than 50 [years] at 30% and not more than 50 [years] at 30%." On April 30, 1999, the petitioner filed a  pro se petition for habeas corpus relief, alleging that he had bargained for a fifteen-year-sentence, which had expired on October 21, 1998. The circuit court dismissed the petition and the petitioner appealed. On appeal, this court found that the petitioner confused his release eligibility date of October 21, 1998, with the sentence expiration date of October 23, 2033. *See Fred E. Smith v. State*, No. 02C01-9906-CC-00185, 1999 WL 1095696 (Tenn. Crim. App., at Jackson, Oct. 28, 1999). As such, this court affirmed the circuit court's dismissal of the petition because the petitioner had failed to establish that his conviction was void or his sentence had expired. *Id.*

On June 9, 2006, the petitioner filed a second petition for writ of habeas corpus. In a written order, the circuit court summarily dismissed the petition, stating in relevant part:

IT APPEARS from the face of the judgment that this [petitioner] entered a guilty plea to second degree murder on March 2, 1989 in the Criminal Court of Macon County, Tennessee and that he did receive a sentence of fifty years as Range I Standard Offender. This Court finds that this is a determinant sentence and that this sentence is not a void sentence. The Court of Criminal Appeals of Tennessee also has previously found that this fifty year sentence was a determinant sentence and that the petitioner had failed to establish that this conviction was void . . . .

ALTHOUGH THE PETITIONER testified that the agreement at the time of his plea was for a fifteen year sentence at 100% there is no record of the proceedings on this guilty plea and the face of the judgment shows a fifty year sentence as a Standard Range I Offender. The petitioner also did not present any proof that this fifty year sentence has expired.

The petitioner now brings this appeal.

## ANALYSIS

The determination of whether to grant relief upon review of a petition for habeas corpus is a question of law. *Hart v. State*, 21 S.W.3d. 901, 903 (Tenn. 2000). Accordingly, review is de novo with no presumption of correctness given to the findings of the lower court. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

In this second appeal, the petitioner argues that the language set forth in the judgment of conviction reflects a fifteen year sentence in accordance with the 1982 Sentencing Act and not a

fifty-year sentence. Although the petitioner did not present any transcripts,[1] he submits that at the time of his plea it was the court's intention to effectuate a fifteen year sentence using the sentencing language – "for a period of not less than 50 [years] at 30% and not more than 50 [years] at 30%." The defendant asserts once again that his fifteen year sentence is expired.

From the judgment of conviction, it appears that the petitioner was sentenced under the 1982 Sentencing Act. Under the 1982 Act, second degree murder was a Class X felony and carried a punishment range from ten years to life. Tenn. Code Ann. §§ 39-2-211(b), -212 (1982) (repealed 1989). A life sentence was presumed to be sixty (60) years. *Id*. § 40-35-109(d)(1) (1982) (repealed 1989). For a Range I, standard offender, the applicable sentencing range was ten to thirty-five years. *See id*. § 40-35-109 (1982) (repealed 1989) ("not less than the minimum sentence established by law, and not more than the minimum sentence plus one-half (½) of the difference between the maximum sentence and the minimum sentence.").

Of significance to our determination of this case are the recent decisions of our supreme court in *Hoover v. State*, 215 S.W.3d 776 (Tenn. 2007) and *Summers v. State*, 212 S.W.3d 251 (Tenn. 2007). In *Hoover*, our supreme court specifically noted two propositions. First, a plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense. 215 S.W.3d at 780. Second, "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Id*. Our supreme court reiterated that offender classification and release eligibility are non-jurisdictional and legitimate bargaining tools in plea negotiations under both the 1982 and 1989 Sentencing Acts. *Id*. at 779-80.

In *Summers*, our supreme court stated the following:

A trial court is vested with the discretion to determine whether appointment of counsel is necessary . . . . The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed. In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions. When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing. Any broader interpretation of when the appointment of counsel is necessary would be inconsistent with the narrow scope of habeas corpus relief and the strict technical requirements for seeking such relief.

212 S.W.3d at 261. Our supreme court also noted there is a conclusive presumption that the judgment is valid in all respects; and therefore, the burden of showing the illegality of the judgment is cast upon the petitioner. *Id*. at 260. Indeed, the court noted that such matters complained of in

---

[1] In brief, the petitioner submits that his plea hearing transcript and sentencing hearing transcript could not be obtained due to the destruction of the tape recording caused by a fire in the court reporter's home.

the habeas corpus petition "are foreclosed by that judgment, in the absence of anything upon the face of the record to impeach the judgment." *Id*. (citations omitted).

Upon review, we note that the petitioner's fifty-year sentence would not be an illegal sentence even though it exceeded the maximum sentencing range for a Range I offender because the sentence fell within the maximum punishment range of sixty years authorized for Class X felony offenses such as second degree murder. Further, it is the petitioner's burden to prove his claim of illegal sentence and no illegality is evident on the face of the judgment. Therefore, in accordance with the aforementioned decisions, we conclude that the circuit court's summary dismissal of the petitioner's habeas corpus petition was proper

For the reasons stated herein, we conclude that the circuit court did not err by summarily dismissing the habeas corpus petition. The judgment is affirmed.

_____
J.C. McLIN, JUDGE